IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In the Matter of the Application of
IPC DO NORDESTE, LTDA
for an Order Seeking Discovery
Under 28 U.S.C. § 1782

Case No. Misc. No. 12-mc-50624

**APPLICATION OF IPC DO NORDESTE, LTDA FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

Pursuant to 28 U.S.C. § 1782, Applicant, IPC Do Nordeste, LTDA ("IPC"), through its undersigned counsel, seeks an Order granting their request to take discovery from Dow Chemical Company ("Dow") through document requests and depositions under Rule 45, of the Federal Rules of Civil Procedure.   In support of its Application, IPC submits the accompanying Memorandum of Points and Authorities, incorporated herein by reference. IPC is currently in litigation in Brazil (the "Brazilian Litigation") with Dow Brasil Nordeste Industrial, LTDA ("Dow Brazil").  The Brazilian Litigation is premised, amongst others, on multiple breaches of contract by Dow Brazil.  Dow Brazil is a subsidiary of Dow, and several of the decisions which led to the breaches in Brazil took place at Dow.  Accordingly, Dow has first-hand knowledge and documents material to the Brazilian Case.  Dow resides in this district and is subject to subpoena in this jurisdiction.

In its Memorandum of Points and Authorities in Support of this Application, IPC establishes the factual and legal elements for obtaining discovery under Section 1782. Specifically, IPC demonstrates that it is an "interested person" in an ongoing proceeding in Brazil and that the requested documents and testimony are relevant to and/or will provide information material to those proceedings. *See e.g., In re Application for an Order For Labor Court of Brazil*, 466 F.Supp.2d 1020 (N.D. IL. 2006); *In re Letters of Request From the Supreme*

*Court of Hong Kong,* 821 F. Supp. 204 (S.D.N.Y. 1993); *In re Letters of Request From the Supreme Court of Hong Kong,* 138 F.R.D. 27 (S.D.N.Y. 1993).

Since Dow is not a party to the Brazilian Litigation, yet holds evidence which is critical for the resolution of the same, IPC does not have other means to obtain this evidence but for this petition.

WHEREFORE, Applicant IPC respectfully request that the Court:

(i) grant its application for an Order pursuant to 28 U.S.C. § 1782 to obtain evidence from Dow; and

(ii) authorize the issuance pursuant to Rule 45, Federal Rules of Civil Procedure of: (a) subpoenas for the production of documents in the form attached to this petition, directing Dow to produce the documents requested within 30 days of service of the subpoena; (b) subpoenas for the deposition of the Dow employees with knowledge concerning the issues in the Brazilian Litigation; and (c) subpoenas for the production of additional documents and the taking of additional depositions as IPC may reasonably deem appropriate based upon the review of documents and testimony given by Dow.

(iii) appoint undersigned counsel to sign and serve such subpoenas upon Dow.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:  ___/s/ Joseph M. Infante_____
           Joseph M. Infante (P68719)
           Attorneys for Plaintiff
           1200 Campau Square Plaza
           99 Monroe Avenue, N.W.
           Grand Rapids, MI  49503
           (616) 454-8656
           infante@millercanfield.com

Dated:  April 25, 2012
20,079,168.2\088888-03909

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In the Matter of the Application of
IPC DO NORDESTE, LTDA
 for an Order Seeking Discovery
Under 28 U.S.C. § 1782

Case No. Misc. No. 12-mc-50624

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THE
APPLICATION OF IPC DO NORDESTE,
LTDA FOR AN ORDER PURSUANT TO
28 U.S.C. § 1782**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

THE BRAZILIAN CASE ........................................................................................................... 1

LEGAL ARGUMENT ................................................................................................................. 3

    I.    <u>IPC's Application Meets All of the Statutory of 28 U.S.C. § 1782</u>................................. 3

        A.    IPC Is An Interested Party. ..................................................................... 5

        B.    Dow Resides in this District. .................................................................. 5

        C.    The Discovery is for use in the Brazilian Case.................................... 5

    II.    <u>All of the Discretionary Factors Weigh in Favor of Granting IPC's Application.</u> ........................ 6

        A.    Dow is Not a party to the Brazilian Litigation............................................ 6

        B.    IPC is Not circumventing any Brazilian Court restriction.......................................... 7

        C.    IPC's proposed discovery requests are neither unduly burdensome nor intrusive. .................... 8

CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

Federal Cases

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
  2012 WL 695541 (2d Cir. Mar. 6, 2012).......................................................................... 3
*In re Application for an Or. for Jud. Assistance in a For. Proc. in the Lab. Ct. of Brazil*,
  466 F. Supp. 2d 1020 (N.D. Ill. 2006) ............................................................... 4, 5, 6, 7
*In re Gianoli Aldunate*,
  3 F.3d 54 (2d Cir.), *cert. denied*, 510 U.S. 965, 114 S.Ct. 443, 126 L.Ed.2d 376 (1993) ..................... 4
*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004).......................................................................... 3, 4, 5, 6, 7
*Norex Petroleum Ltd. v. Chubb Ins. Co. of Can.*,
  384 F.Supp.2d 45 (D.D.C.2005) ...................................................................... 6

Federal Statutes

28 U.S.C. § 1782(a) ............................................................................... 3, 4
28 U.S.C. §1782................................................................................... 7

Federal Rules

F.R.C.P. 26(b)(1) ................................................................................ 5, 7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
APPLICATION OF IPC DO NORDESTE, LTDA
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

As set forth in the Application, IPC Do Nordeste, LTDA ("IPC"), pursuant to 28 U.S.C. § 1782, seeks an Order granting their request to take discovery from Dow Chemical Company ("Dow") through document requests and depositions.  This Memorandum of Points and Authorities provides the legal support that demonstrates that IPC is entitled to seek the discovery requested from Dow.

**PRELIMINARY STATEMENT**

Dow Brasil Nordeste Industrial, LTDA ("Dow Brazil") is a subsidiary of Dow.  As set forth below, IPC is currently engaged in litigation with Dow Brazil.  Dow is not involved in that litigation.

**THE BRAZILIAN CASE**

On August 15, 1997, IPC entered into an Agreement to Supply Gaseous Chloride Acid ("HCI") with Dow Brazil (the "Supply Agreement").  The Supply Agreement provided, amongst others, an exclusivity clause whereby Dow Brazil agreed to sell HCI exclusively to IPC, and IPC to purchase HCI exclusively from Dow Brazil.  IPC is in the business of processing HCI by removing certain toxins to make it suitable as a raw material for various commercial purposes. Dow Brazil is the sole supplier of HCI in the country of Brazil, and IPC is absolutely dependant on Dow Brazil for the supply of HCI.  Accordingly, IPC built its facility in close geographical proximity to Dow Brazil's plant in the State of Bahia, Brazil (the "Plant").  Additionally, in order to comply with the Supply Agreement, IPC made extensive capital improvements to its facility,

and obtained all of the necessary licenses and permits[1] to process the HCI produced by Dow Brazil.

The Supply Agreement was amended on August 3, 2006 to extend its termination date, which was set for November 30, 2011.  The termination date, however, was triggered only if IPC **received** a letter of termination by no later than November 30, 2010 (a year prior to the termination).  Absent a properly received notice that complied with the terms of the agreement, the Supply Agreement was set to automatically renew for an additional 5 years.

On November 30, 2010 Dow Brazil sent an email informing IPC of its intention to terminate the Supply Agreement.  On December 2, 2010, and 3 days after the deadline to terminate the Supply Agreement as amended, IPC received a termination letter from Dow Brazil.

Even though the termination letter was not timely sent and did not reach IPC by the required deadline, based on its email (which did not comply with the contractual requirements), Dow Brazil decided to terminate the Supply Agreement and shut down the Plant.  Thereafter, Dow Brazil ceased to deliver HCI to IPC, depriving IPC of the foundation for its business operations.

On November 30, 2011, IPC filed a motion for preliminary injunction with 4th Trial Court of the Judicial District of Salvador, State of Bahia, asking the court to direct Dow Brazil to resume the supply of HCI to IPC.  On December 7, 2011, the court granted IPC's motion and issued an injunction ordering the Plant to reopen and the supply to resume.  Dow Brazil, however, did not comply with the injunction, and has since filed numerous appeals and challenges, all of which have been dismissed and/or overruled.  Under Brazilian law, however, Dow Brazil is still required to comply with the terms of the injunction, which it has not.

---

[1] HCI is considered a hazardous chemical due to its toxicity to humans and the environment.  Brazilian authorities require certain procedures to be implemented before a license and/or permit to handle HCI is given.

Accordingly, the court has found Dow Brazil in contempt and imposed sanctions against it. Dow Brazil has remained defiant and continues to disregard the court's order.

During the proceedings, IPC learned that Dow Brazil apparently also breached the Supply Agreement by selling HCI to third-parties.

On January 9, 2012, IPC filed a separate lawsuit for breach of contract. This action seeks, amongst others: (i) a declaration that the termination notice sent by Dow Brazil was invalid and did not comply with the contractual provisions, accordingly, the Supply Agreement was automatically renewed for an additional 5-year period; (ii) Dow Brazil breached the agreement by halting supply of HCI and shutting down the plant; (iii) money damages for the aforementioned breach; (iv) money damages for the breach of the exclusivity provision of the Supply Agreement; (v) compensation for capital investments made in connection with the Supply Agreement; and (vi) other compensatory damages.

The two aforementioned cases are collectively referred to as the "Brazilian Litigation."

Notably, on April 2, 2012 Dow issued a press release on its website announcing the closure of some of its international operations, including the Plant.[2]   It is apparent that Dow possesses evidence concerning the actions taken by Dow Brazil, and which can be used by IPC in the Brazilian Litigation.

## LEGAL ARGUMENT

### I.   IPC's Application Meets All of the Statutory of 28 U.S.C. § 1782.

This Application is made pursuant to 28 U.S.C. § 1782. The statute provides as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international

---

[2] http://www.dow.com/brasil/la/bra/pt/news/2012/20120402a.htm

tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.   To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

The statute's twin aims are "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 252 (2004) (internal quotation marks and citation omitted).   *See also Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 11-4851-CV, 2012 WL 695541 (2d Cir. Mar. 6, 2012) (The goals of the statute are to provide "equitable and efficacious" discovery procedures in United States courts "for the benefit of tribunals and litigants involved in litigation with international aspects," and to "encourag[e] foreign countries by example to provide similar means of assistance to our courts," (internal citations omitted).   In pursuit of these twin goals, the statute has, over the years, been given "increasingly broad applicability." *In re Gianoli Aldunate*, 3 F.3d 54, 57 (2d Cir.), *cert. denied*, 510 U.S. 965, 114 S.Ct. 443, 126 L.Ed.2d 376 (1993).

"There are four required elements in 1782(a): (1) the requestor is a foreign tribunal, international tribunal, or an interested party; (2) the discovery is sought from a person residing or found in the district of the district court; and (3) the discovery is for use in a proceeding (4) in a foreign or international tribunal." *In re Application for an Or. for Jud. Assistance in a For. Proc. in the Lab. Ct. of Brazil*, 466 F. Supp. 2d 1020, 1026 (N.D. Ill. 2006).

## A.    IPC Is An Interested Party.

The Supreme Court, in *Intel*, unequivocally held that litigants in the foreign proceeding qualify as interested parties under the statutory requirements.  Indeed, the *Intel* court noted that a foreign litigant may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256 (alteration in original).  IPC is a party to the Brazilian Case, and thus an interested party under 28 U.S.C. § 1782(a).

## B.    Dow Resides in this District.

Dow's headquarters and principal place of business are located in Midland, Michigan. Dow is unquestionably a resident, and found, in this district.

## C.    The Discovery is for use in the Brazilian Case.

The documents and deposition testimony sought by IPC are for use in the Brazilian Litigation.  First, the "'for use in' does not have a foreign-discoverability nor a foreign-admissibility requirement." *In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1029 (N.D. Ill. 2006).  Instead, it "mirrors the requirements in Federal Rule of Civil Procedure 26(b)(1) and means discovery that is relevant to the claim or defense of any party, or for good cause, any matter relevant to the subject matter involved in the foreign action." *Id.*[3]

The documents and deposition testimony IPC seeks are highly relevant to proving IPC's case for breach of contract against Dow Brazil in the Brazilian Litigation.  Specifically, the documents and deposition testimony concern the operations of Dow Brazil and specifically deal with: (i) the breach of the exclusivity provision of the Supply Agreement by providing HCI to

---

[3] *See also Id.* (To be perfectly clear, the Court specifically excludes from the standard the sentence in Rule 26(b)(1) that reads: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1). To require an applicant to show that discovery is reasonably calculated to lead to evidence admissible in the foreign proceeding would be tantamount to a foreign-admissibility rule. The reasons above that counsel against a foreign-admissibility rule are equally applicable to a "foreign-admissibility-" rule.).

third-parties; (ii) Dow Brazil's attempt to terminate the Supply Agreement; and (iii) Dow

Brazil's breach of the Supply Agreement by halting supply and eventual closing of the Plant.

## II.    **All of the Discretionary Factors Weigh in Favor of Granting IPC's Application.**

Once the statutory requirements of §1782 are met, the Court, in deciding whether to

exercise discretion, considers three factors set forth in *Intel*.

> "First, when the person from whom discovery is sought is a participant in the
> foreign proceeding ... the need for § 1782(a) aid generally is not as apparent as it
> ordinarily is when evidence is sought from a nonparticipant in the matter arising
> abroad."   Second, the court "may take into account the nature of the foreign
> tribunal, the character of the proceedings underway abroad, and the receptivity of
> the foreign government or the court or agency abroad to U.S. federal-court
> judicial assistance." *Id*. Specifically, the court may consider if the request is "an
> attempt to circumvent foreign proof-gathering restrictions or other policies of a
> foreign country or the United States.". Third, the court may reject requests that are
> "unduly intrusive or burdensome."

*In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the*

*Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1030 (N.D. Ill. 2006) citing *Intel* (internal citations

and quotations omitted).

## A.    **Dow is Not a party to the Brazilian Litigation.**

The first factor the Court should consider under *Intel* is whether the person from whom

discovery is sought is a participant in the proceeding before the foreign tribunal, or is otherwise

subject to the foreign tribunal's jurisdiction.  *See Intel*, 542 U.S. at 264.  The Supreme Court

acknowledged that where the person from whom discovery is sought is not a party to the foreign

proceeding, judicial assistance under §1782 may be the only avenue for discovery.  *Id*. ("In

contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's

jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable

absent §1782(a) aid.").

Although Dow Brazil might be a wholly owned subsidiary of Dow, Dow is not a party in the Brazilian Litigation, and this factor weighs in favor of IPC.  Indeed, under parallel circumstances, the court in *In re Labor Court of Brazil* granted a §1782 application.[4]

**B.      IPC is Not circumventing any Brazilian Court restriction.**

Next, the Court should consider whether IPC's application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265.  Again, under analogous circumstances, the *In re Labor Court of Brazil* found that a petition such as IPC's for assistance under §1782 is not the sort of improper tactic contemplated by *Intel*.  Indeed, in that case the analysis was more complex as the Brazilian court had issued a confidentiality order, which is not the case here.  *Id*. at 1031.  Even so, the *Labor Court of Brazil* court found the petition not violative.

First, IPC is not required to request this discovery from the Brazilian court before filing this petition.  *In re Labor Court of Brazil,* 466 F. Supp. 2d at 1031 ("The statute does not require parties to first seek the discovery in the foreign tribunal").  Second, IPC is not pursuing parallel discovery requests hoping that one of them will pay off.  *Id*.  Third, the materials sought here are not already in the possession of IPC or the Brazilian court.  *Id*.

Lastly, the Brazilian court will be receptive to the materials discovered here under §1782.  *Id*. at 1032.  To be sure, *In re Labor Court of Brazil* found that Brazilian courts are receptive to this type of evidence gathered under §1782.   *Id*. at 1032 (Article 5(II) of the Brazilian

---

[4] *In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1031 (N.D. Ill. 2006) (This logic fails because McDonald's and McCal are two separate legal entities and McDonald's is merely the shareholder of McCal. McDonald's has not shown that it is a party before the Labor Court; nor has it shown that the Labor Court can order it to respond to discovery. *See Norex Petroleum Ltd. v. Chubb Ins. Co. of Can.,* 384 F.Supp.2d 45 (D.D.C.2005) (holding that the court cannot require a wholly-owned American subsidiary to force its foreign parent corporation to submit to discovery). This factor supports granting the Application.)

Constitution, suggests that only an explicit law or ruling can preclude foreign discovery: "No one shall be compelled to do or refrain from doing something except by force of law.").

**C.      IPC's proposed discovery requests are neither unduly burdensome nor intrusive.**

Finally, this Court must consider whether IPC's discovery requests are unduly burdensome or intrusive.  *Intel*, 542 U.S. at 265.  They are not.  Courts are directed to look at the requests in the aggregate under the prism of Rule 26, Federal Rules of Civil Procedure.  *In re Labor Court of Brazil*, 466 F. Supp. 2d at 1033.

## CONCLUSION

IPC's Application satisfies the statutory requirements and meets the discretionary factors to obtain assistance under 28 U.S.C. §1782.  Therefore, IPC respectfully requests that this Honorable Court grant its Application and enter an Order allowing IPC's attorneys to issue the subpoenas in the form attached as Exhibit "A."[5]

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.


By:    /s/ Joseph M. Infante
       Joseph M. Infante (P68719)
       Attorneys for Plaintiff
       1200 Campau Square Plaza
       99 Monroe Avenue, N.W.
       Grand Rapids, MI  49503
       (616) 454-8656
       infante@millercanfield.com

Dated:  April 25, 2012


20,079,226.2\088888-03909

---

[5] A proposed order is attached as Exhibit B.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

**Exhibit A**

for the

Western District of Michigan

|  |  |
|---|---|
| _____ | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No. |
| _____ | ) |
| | )   (If the action is pending in another district, state where: |
| _Defendant_ | )   _____ District of _____ ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

*"Vtceg{ 'Eqtf gu 'ENGTM'QH'EQWTV*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____

_____ , who issues or requests this subpoena, are:

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                            *Server's signature*

                                                  _____
                                                            *Printed name and title*


                                                  _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Schedule "A"

## I. <u>INSTRUCTIONS AND DEFINITIONS</u>

1.     Your attention is called to the duty to supplement your responses to these Requests with respect to information hereinafter acquired.

2.     If there are no documents in existence that are requested in a particular paragraph of these Requests, your response must include a statement to that effect.

3.     Unless otherwise specifically indicated, all documents shall be produced for the period **August 1, 2006** to the present, including any documents having an earlier origin and in use during the specific period.

4.     If any of these Requests call for the identification of documents or oral communications which you contend are protected by the attorney-client privilege or another claimed privilege or by the work product rule, provide the following information:

(a)     the nature of the privilege claimed (including work product);

(b)     if the privilege is being asserted in connection with a claim or privilege governed by state law, the state privilege rule being invoked;

(c)     the date of the document or oral communication;

(d)     if a document:  its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(e)     if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(f)     the general subject matter of the document or oral communication.

5.     As used herein, the term "person" means, in the plural as well as the singular, any natural person, business, firm, unincorporated association, partnership, corporation, legal, governmental entity, association or other entity.

6.     As used herein, the term "document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and includes any information electronically stored (including SMS messages, PIN messages, video or picture messages, letters, e-mails, voicemails, and any other form of electronic information), printed, written, typed, recorded, transcribed, taped, photographic or graphic matter, however produced or reproduced, including, but not limited to:  any e-mail, text message, facsimile, letter, correspondence or communication of any sort; film, print or negative of photograph; sound recording, video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper or draft; computer output or input, data processing card; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill or voucher; financial statement, statement of account, bank statement, check book, stubs or register, cancelled check, deposit slip, charge slip, tax return (income or other), requisition; file, study,

graph, tabulation, and any and all other writings and recordings of whatever nature, whether signed or unsigned or transcribed and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.

The term "document" also means (a) the original and/or any non-identical original or copy including those with any marginal note or comment or showing additions, deletions, or substitutions; (b) drafts; (c) attachment to or enclosure with any document; and (d) every document referred to in any other documents, and requires production of all electronically stored information stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, and includes meta-data.

7.      As used herein, the terms "correspondence," "communication" and "communicated" shall mean the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise) and includes, without limitation, the following:  SMS messages, PIN messages, video or picture messages, letters, e-mails, voicemails, electronic transmission of information, conversations, telephone conversations, statements, discussions, debates, arguments, disclosures, interviews, consultation and every other manner or oral utterance.

8.      As used herein, the terms "company" and "Plant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates or agents.

9.      As used herein, "concerning" shall mean about, relates to, refers to, contains, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates,

proves, evidences, shows, refutes, disputes, rebuts, controverts, contradicts, describes or offers evidence of.

10.     As used herein, the terms "you," "your," "Dow," shall mean Dow Chemical Company, including, but not limited to, its principals, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, representatives or agents.

11.     As used herein, the terms "Dow Brazil," shall mean Dow Brasil S.A, (the successor in interest to Dow Brasil Nordeste Industrial, LTDA), including, but not limited to, its principals, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, representatives or agents.

12.     As used herein, the term "Plant" shall mean Dow Brazil's plant in the Judicial District of Camaçari, State of Bahia, Brazil.

13.     As used herein, the term "IPC" shall mean IPC Do Nordeste, LTDA, including, but not limited to, its principals, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, representatives or agents.

14.     As used herein, the term "HCI" shall mean gaseous hydrogen chloride.

15.     As used herein, the term "Supply Agreement" the Agreement to Supply Gaseous Chloride Acid signed by Dow Brazil and IPC on August 15, 1997 and its amendment on August 3, 2006.

## II. <u>DOCUMENTS TO BE PRODUCED</u>

1.  All documents concerning the closure of the Plant.

2.  All documents concerning the reasons for closing the Plant.

3.  All documents containing any analysis of reasons for closing the Plant.

4. All documents reflecting the names and titles of the individuals involved in the decision to close the Plant.

5. All documents concerning the Supply Agreement with IPC.

6. All documents concerning the decision to terminate the Supply Agreement.

7. All documents reflecting the names and titles of the individuals involved in the decision to close the Plant.

8. All documents reflecting the names and titles of the individuals involved in the performance, actions, and omissions related to the Supply Agreement.

9. All documents concerning the sale of HCI to third-parties by Dow Brazil.

10. All documents concerning procedures for handling HCI at the Plant.

11. All documents concerning the sale of HCI to IPC.

12. All documents concerning any licenses or permits obtained by Dow Brazil to handle HCI.

13. All documents concerning any licenses or permits obtained by Dow Brazil to handle other toxic substances.

14. All documents reflecting who were the authorized to handle HCI at the Plant.

15. All documents concerning any analysis or investigation regarding the handling of HCI at the Plant.

16. All documents concerning the decision not to reopen the Plant as ordered by the court in Brazil.

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Michigan

| | |
|---|---|
| _____ ) | |
| Plaintiff ) | |
| v. ) | Civil Action No. |
| _____ ) | |
| ) | (If the action is pending in another district, state where: |
| Defendant ) | _____ District of _____ ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:

❑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method:  _____

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

_"Vtceg{'Eqtf gu'ELERK OF COURT_

OR

| _____ | _____ |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____
_____ , who issues or requests this subpoena, are:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## <u>EXHIBIT 1</u>

**Definitions:**

1. As used herein, the terms "Dow Brazil," shall mean Dow Brasil S.A, (the successor in interest to Dow Brasil Nordeste Industrial, LTDA), including, but not limited to, its principals, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, representatives or agents.
2. As used herein, the term "Plant" shall mean Dow Brazil's plant in the Judicial District of Camaçari, State of Bahia, Brazil.
3. As used herein, the term "IPC" shall mean IPC Do Nordeste, LTDA, including, but not limited to, its principals, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, representatives or agents.
4. As used herein, the term "HCI" shall mean gaseous hydrogen chloride.
5. As used herein, the term "Supply Agreement" the Agreement to Supply Gaseous Chloride Acid signed by Dow Brazil and IPC on August 15, 1997 and its amendment on August 3, 2006.

**Matters upon which testimony is sought**:

(A) The Supply Agreement with IPC;
(B) the closure of the Plant; and
(C) the sale of HCI to third-parties.

*FTL 108,685,811v1*

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In the Matter of the Application of IPC DO NORDESTE, LTDA for an Order Seeking Discovery Under 28 U.S.C. § 1782 | Case No. Misc. No. 12-mc-50624<br><br>**[proposed ORDER PURSUANT TO 28 U.S.C. § 1782** |

Upon review of IPC Do Nordeste, LTDA's ("IPC") Application for An Order Seeking Discovery Under 28 U.S.C. § 1782 (the "Application"), the Court finds that the application meets all of the required elements under 28 U.S.C § 1782 and meets all of the principles of due process and comity weigh in favor of the Court granting the Application so that the Court in Brazil shall have this material information before it rules on the action for damages and proceedings related to the injunction.

Accordingly, this Court ORDERS:

1.      IPC's request to issue a subpoena for documents and for deposition of the prospective witness, Dow is GRANTED.

2.      IPC's request that discovery be conducted under the Federal Rules of Civil Procedure, Rules 30 and 45 is GRANTED.

IT IS SO ORDERED.

_____
United States District Court Judge

20,083,259.1\088888-03909

1